O
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MENZODA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>DU VAN TRAN D/B/A LEE'S DISCOUNT FURNITURE; DE LA TORRE INVESTMENT PROPERTIES, LLC.; and DOES 1 to 10,<br><br>　　　　　　Defendants. | Case No.: 2:25-cv-02475-MEMF-AJR<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [DKT. NO. 18]** |

　　　　Before the Court is the Motion for Default Judgment filed by Plaintiff Mario Mendoza. Dkt. No. 18-1. For the reasons stated herein, the Court hereby GRANTS the Motion for Default Judgment.

/ / /

/ / /

1

## I. Background

### A. Factual Background[1]

Plaintiff Mario Mendoza ("Mendoza") is a California resident with a physical disability. Compl. ¶ 1. Mendoza suffers from cerebral palsy. *Id*. As a result, Mendoza is substantially limited in his ability to walk and requires the use of a wheelchair at all times when traveling in public. *Id*.

Defendant De La Torre Investment Properties ("De La Torre") is the real property owner, business operator, lessor, and/or lessee of a furniture store (the "Business") located at or about 8952 Valley Blvd., Rosemead, California. *Id*. ¶ 2. The Business is open to the public. *Id*. ¶ 11.

In or about December 2024, Mendoza went to the Business and personally encountered several barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Business. *Id*. ¶¶ 10–12. Specifically, De La Torre failed to comply with federal and state accessibility standards by (1) failing to provide any parking space for persons with disabilities; (2) not posting required signage such as "Van Accessible" markings; (3) failing to provide a proper van-accessible space designed for persons with disabilities; (4) failing to paint the ground of such a space as required; and (5) failing to mark designated parking spaces with the International Symbol of Accessibility. *Id*. ¶ 13. De La Torre also failed to maintain accessibility by failing to provide at least one accessible entrance. *Id*. These barriers denied Mendoza full and equal access to the Business. *Id*. ¶ 14. Although Mendoza wishes to patronize the Business again, he is deterred from doing so until the barriers are removed. *Id*.

### B. Procedural History

On March 20, 2025, Mendoza filed the Complaint in this case alleging five causes of action. The claims include violations of (1) the Americans with Disabilities Act ("ADA"); (2) California's Unruh Act; (3) California's Disabled Persons Act; (4) California's Health and Safety Code; as well as a cause of action for (5) negligence. *See generally* Compl.

On April 3, 2025, the Court ordered Mendoza to show cause as to why the Court should not decline to exercise supplemental jurisdiction over his state law claims, which constitute all of the

---

[1] Unless otherwise indicated, the following factual background is derived from the allegations in Plaintiff's Complaint. Dkt. No. 1 ("Complaint" or "Compl.").

causes of action in the Complaint except that brought under the ADA. Dkt. No. 10. Mendoza filed a response on April 15, 2025. Dkt. No. 11. On April 18, 2025, the Court issued an order declining to exercise supplemental jurisdiction over Mendoza's state law claims. Dkt. No. 12. Accordingly, the Court dismissed all of Mendoza's state law claims, leaving solely the ADA claim at issue in this case. *Id.*

On April 28, 2025, Mendoza filed a proof of service indicating that De La Torre had been served by mail with the Summons and Complaint on April 25, 2025. Dkt. No. 13. De La Torre never filed an answer or any other responsive pleading. On May 29, 2025, the Court ordered Mendoza to show cause as to why the Court should not dismiss the case for lack of prosecution. Dkt. No. 14. In response, Mendoza filed a Request for Entry of Default as to De La Torre on June 2, 2025. Dkt. No. 15. The Default of De La Torre was taken on June 3, 2025. Dkt. No. 16.

On July 24, 2025, the Court again ordered Mendoza to show cause as to why the Court should not dismiss the case for lack of prosecution. Dkt. No. 17. On August 22, 2025, Mendoza filed the instant Motion for Default Judgment against De La Torre. *See* Dkt. No. 18-1 ("Motion" or "Mot."). Mendoza also filed various supporting documents. *See* Dkt. Nos. 18-2–18-5.

On October 1, 2025, the Court issued its tentative order on the Motion. On October 2, 2025, the Court held a hearing on the Motion, at which Mendoza's counsel submitted to the tentative order. The Court therefore issues this Order consistent with the tentative order.

**II.    Applicable Law**

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk of the Court enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Local Rule 55-1 requires the party seeking default judgment to file a declaration establishing: (1) when and against what party the default was entered; (2) the pleading on which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other like fiduciary who has appeared; (4) that the Soldiers' and Sailors' Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice if required by Federal Rule of Civil Procedure 55(b)(2). C.D. Cal. L.R. 55-1.

Once default has been entered, the factual allegations in the complaint, except those concerning damages, are deemed admitted by the non-responding party. *See* Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, default judgment is not automatic upon the Clerk's entry of default; rather, it is left to the sound discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir. 1980). When deciding whether to enter default judgment, courts consider seven factors, commonly known as the *Eitel* factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. Discussion

Mendoza requests that the Court grant his Motion. Before doing so, the Court must consider (1) whether Mendoza has satisfied the procedural requirements of Federal Rule of Civil Procedure 55 and Local Rule 55-1 and (2) whether the *Eitel* factors weigh in favor of granting default judgment.

For the reasons discussed below, the Court finds that Mendoza has satisfied the procedural requirements, and the *Eitel* factors weigh in favor of default judgment. The Court therefore GRANTS the Motion as described herein.

#### A. Mendoza Has Satisfied Procedural Requirements.

The Court has subject matter jurisdiction over the claims because the surviving ADA claim arises under federal law. Moreover, the Court is satisfied that it has personal jurisdiction over De La Torre, as it is alleged to own and/or operate the Business, which is located in California. Compl. ¶ 2. Although there are insufficient facts from which the Court can find general jurisdiction over De La Torre, the Court finds specific jurisdiction exists here. Specific jurisdiction exists when (1) the defendant has purposefully availed himself of the privilege of conducting activities in the forum; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Here, by owning and/or operating a business in California, De La Torre has purposefully

availed itself of the privilege of conducting activities in California. *Id.* ("A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum …."). Moreover, the ADA claim arises directly from the operation of the Business, thereby satisfying the arising out of or relating to prong. Further, it is "presumptively not unreasonable to require [a defendant] to submit to the burdens of litigation" in the state where a defendant "has availed himself of the privilege of conducting business." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

De La Torre was served on April 25, 2025. Dkt. No. 13. Pursuant to Federal Rule of Civil Procedure 55, Mendoza sought entry of default by the Clerk of the Court on June 2, 2025. Dkt. No. 15. The Clerk of the Court entered default judgment against De La Torre on June 3, 2025. Dkt. No. 16. In accordance with Local Rule 55-1, Mendoza has shown that default has been entered against De La Torre, they are not infants or incompetent persons, and the Soldiers' and Sailors' Civil Relief Act does not apply. *See* Mot. at 6. Therefore, the requisite procedural requirements for seeking default judgment have been met.

### B. The *Eitel* Factors Weigh in Favor of Granting Default Judgment.

The Court next considers the *Eitel* factors: (1) "the possibility of prejudice to the plaintiff;" (2) "the merits of plaintiff's substantive claim;" (3) "the sufficiency of the complaint;" (4) "the sum of money at stake;" (5) "the possibility of a dispute concerning material facts;" (6) "whether the default was due to excusable neglect;" and (7) the strong policy favoring resolution on the merits. *See Eitel*, 782 F.2d at 1471–72. For the reasons stated below, the Court finds that these factors favor entering default against De La Torre.

#### i. The Possibility of Prejudice to Mendoza

The first *Eitel* factor requires the Court to consider the harm to a plaintiff in the absence of default judgment. *See Eitel*, 782 F.2d at 1471–72. Here, based on the facts alleged in the Complaint, De La Torre is aware of the litigation but has not responded. *See* Dkt. No. 13 (Proof of Service of Complaint to De La Torre). If De La Torre continues to refuse to respond, the action will remain stagnant, and Mendoza will be denied the right to a judicial resolution of his claims. Mendoza would suffer harm from being unable to access the Business because the physical barrier prevents his entry

due to his disability. Moreover, Mendoza would suffer prejudice if the Motion were denied because he would have no other available recourse in resolving his claim. The Court thus finds that this factor weighs in favor of default judgment.

>       ii.   Merits of Mendoza's Substantive Claim and Sufficiency of Complaint

The second and third *Eitel* factors consider the substantive merits and sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471–72. Although default has been entered, the Court must still evaluate whether the allegations, if taken as true, state a valid cause of action because "claims [that] are legally insufficient . . . are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Because default has been entered, the Court will assume the allegations in the Complaint are true for this analysis. *See TeleVideo Sys.*, 826 F.2d at 917–18.

Here, Mendoza seeks a default judgment only as to his ADA claim (first cause of action). *See* Mot. at 6–9 (discussing ADA claim). Thus, the Court need only examine whether the facts alleged are sufficient as to this cause of action.

To properly plead his ADA claim, Mendoza must allege that: "(1) he is disabled within the meaning of the ADA; (2) Defendants are a private entity that owns, leases, or operates a place of public accommodation; and (3) Defendants discriminated against him by denying him public accommodations because of his disability." *See Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1033 (9th Cir. 2020). Mendoza alleges that he suffers from cerebral palsy, requiring him to use a wheelchair permanently when traveling in public. Compl. ¶ 1. This constitutes a sufficient allegation of disability status. *See* 42 U.S.C. § 12102(1)(A) ("disability" means "a physical or mental impairment that substantially limits one or more major life activities of such individual"). Mendoza further alleges that De La Torre owns or operates the Business, a furniture store open to the public. *See* Compl. ¶¶ 2, 11. This allegation sufficiently establishes that De La Torre owns or operates a place of public accommodation. *See* 42 U.S.C. § 12181(7)(E) ("The following private entities are considered public accommodations . . . 'a bakery, grocery store…or other sales or rental establishment'"). Finally, Mendoza alleges that the Business fails to comply with applicable laws and regulations, including failure to provide a parking space designated for persons with disabilities. Compl. ¶ 13. The Complaint also sufficiently alleges that removal of the barriers is readily

achievable. *Id.* ¶ 17. The Court finds that this is a sufficient allegation of discrimination due to denying public accommodations to Mendoza based on his disability.

The Ninth Circuit applies a burden-shifting framework to evaluate whether the removal of an architectural barrier is readily achievable. Under this framework, "ADA plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." *See Lopez*, 974 F.3d at 1038 (9th Cir. 2020). There are four factors used to analyze this: (1) "the nature and cost of the action needed;" (2) "the overall financial resources of the facility or facilities involved in the action," viewed in light of the number of persons employed, the effect on resources, and the impact of the sought action on the facility; (3) "the overall financial resources of the covered entity;" and (4) "the type of operation or operations of the covered entity." *Id.* A plaintiff is "not required to address in detail each of the four factors to meet their initial burden of plausibly explaining why it is readily achievable to remove an architectural barrier." *Id.* Evaluating Mendoza's pleadings, the Court finds that Mendoza has met this standard, as it is plausible that the cost of the measures Mendoza seeks do not exceed their benefits. Mendoza alleges that the Business has "the financial resources to remove these barriers without much difficulty or expenses." *See* Compl. ¶ 17. The Court finds this to be a sufficient allegation that the benefits outweigh the costs and that the Business has sufficient resources to make the requested changes without significant impact. Thus, Mendoza has properly pleaded his ADA claim.

The Court thus finds this factor weighs in favor of default judgement.

### iii. Sum of Money at Stake

In considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." *Eitel*, 782 F.2d at 1471–72. Generally, default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to the defendant's conduct. *Id.* at 1472 (affirming denial of default judgment where plaintiff sought $3 million in damages and parties disputed material facts in pleadings). Here, Mendoza is seeking an injunction and $3,105.00, which encompasses both attorney's fees for 8.00 hours of counsel's work—calculated at rates ranging from $150 to $500 per hour—and litigation costs. *See* Compl. at 11; Dkt. 18-2, Kim Decl., Ex. A. The Court considers counsel's experience and the work as set forth

in his declaration and finds that the requested amount is reasonable and appropriate for the work performed in this case. Accordingly, the Court awards attorney's fees in the amount of $2,515.00, along with litigation costs in the amount of $590.00, for a total amount of $3,105.00.

### iv. Possibility of Dispute Concerning the Material Facts

The fifth *Eitel* factor requires the Court to consider the possibility of dispute about material facts in the case. *See Eitel*, 782 F.2d at 1471–72. The Court finds that there is little possibility of dispute concerning the material facts here. With regard to the elements of the ADA claim, there is likely to be little dispute that Mendoza is disabled, or that De La Torre operates a business that provides public services. Additionally, even if there were to be dispute as to whether making certain accommodations would be reasonably achievable, there would still be an ADA claim if De La Torre could have accommodated Mendoza "through alternative methods without much difficulty or expense." *Lopez*, 974 F.3d at 1034. It is unlikely there would be any significant dispute regarding the fact that De La Torre could have reasonably accommodated Mendoza in some manner. Accordingly, the Court finds that this factor weighs in factor of granting default judgment.

### v. Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. *Eitel*, 782 F.2d at 1472. It appears that De La Torre was properly served with the Summons and Complaint. Dkt. No. 13. Moreover, Mendoza's counsel has represented that along with the service of process, De La Torre was provided notice of this Motion on August 22, 2025. Dkt. No. 18-5. Therefore, it appears unlikely that the default is a result of excusable neglect, and as a result, this factor weighs in favor of granting default judgment.

### vi. Policy Favoring Resolution on the Merits

The Ninth Circuit's "starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The enactment of Rule 55(b), however, indicates that this preference, standing alone, is not always dispositive, as district courts have recognized in non-binding decisions. *See, e.g., Seiko Epson Corp. v. Prinko Image Co. (USA), Inc.*, Case No. 2:17-CV-04501, 2018 WL 6264988, at *3 (C.D. Cal. Aug. 22, 2018). Although there is a preference to resolve cases on the merits, such a

resolution is impossible here solely due to De La Torre's failure to respond to the Complaint. Therefore, the Court finds this factor negligible.

## IV. Conclusion

For the foregoing reasons, the Court hereby GRANTS the Motion for Default Judgment and ORDERS as follows:

1. The Court finds that Defendant De La Torre has violated the ADA;
2. Within thirty (30) days of being served with the Judgment, De La Torre is ordered to remedy the violations at the property located at or about 8952 Valley Blvd., Rosemead, California, in compliance with the ADA Accessibility Guidelines by:
   a. Provide at least one parking space designated for persons with disabilities;
   b. Posting all required signage, including signage designating "Van Accessible" parking spaces, signage warning "Minimum Fine $250", and "Unauthorized Parking";
   c. Providing at least one proper "van accessible" space, including a proper van access aisle at least 96 inches wide, visible "NO PARKING" demarcations, and an access aisle with "NO PARKING" markings and blue hatched lines at the minimum required width of 96 inches;
   d. Painting and maintaining the ground markings for all parking spaces designated for persons with disabilities;
   e. Marking all parking spaces designated for persons with disabilities with the International Symbol of Accessibility; and
   f. Providing at least one accessible entrance as required.
3. Within thirty (30) days of Judgment, De La Torre is ordered to pay Mendoza $3,105.00 in attorney's fees and costs.

IT IS SO ORDERED.

Dated: October 8, 2025

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge